UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NATIONWIDE VISION CENTER, INC.,** **an Arizona corporation** 220 NORTH MCKEMY AVE CHANDLER ARIZONA 85226<br><br>**Plaintiff,**<br><br>v.<br><br>**B.T.P. VISION INC.  D/B/A NATIONWIDE VISION CENTER, a New York corporation 6566 Jericho Turnpike Commack, New York 11725**<br><br>**Defendant.** | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff NATIONWIDE VISION CENTER, INC. ("Nationwide"), by its undersigned counsel, brings this action seeking injunctive relief and damages for trademark infringement and unfair competition arising from the use by defendant B.T.P. VISION INC. D/B/A/ NATIONWIDE VISION CENTER ("NVC")" of the mark NATIONWIDE VISION CENTER in connection with providing optometry and related services and eyewear.

### PARTIES

1.  Plaintiff Nationwide is an Arizona corporation with its principal office and place of business at 220 McKemy Ave., Chandler, AZ 85226.  Nationwide is engaged in the business of providing optometric and related eye care services and eyewear.

24895314.2 09/27/2018

2. Upon information and belief, Defendant NVC is a New York corporation with its principal place of business at 6566 Jericho Turnpike Commack, New York 11725. NVC provides optometry and related eye care services and eyewear.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement arising under 15 U.S.C. §§ 1114 and for unfair competition and false designation of origin under 15 U.S.C. §§ 1125.

4. Jurisdiction exists by virtue of 28 U.S.C. §§ 1331, 1338(a) and 1367(a).

5. Personal jurisdiction exists over NVC because it regularly conducts business in Commack, New York by providing goods and services to residents of New York.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS

7. Nationwide is in the business of providing optometry services, including eye exams, eye care, vision correction services, and prescription eyewear. Nationwide has been providing its goods and services as NATIONWIDE VISION CENTER since at least as early as 1955.

8. Nationwide maintains over eighty retail (80) locations throughout Arizona, Florida, Nevada, and North Dakota. Nationwide schedules appointments on its Internet web site located at www.nationwidevision.com.

9. Nationwide owns the federal service mark registration for NATIONWIDE VISION CENTER, U.S. Reg. No. 1543021, for "optometry and retail eyewear store services" ("Mark"). The registration is based on continuous use of the mark in interstate commerce since at least as early as October 28, 1985. The registration is incontestable based on many years of uncontested exclusive use in connection with its services.

-3-

10. Nationwide has expended substantial resources to promote its NATIONWIDE VISION CENTER Mark in connection with its services, including but not limited to significant expenditures devoted to advertising, marketing, sponsoring community-related events, maintaining an Internet website, and policing the use of its Mark.

11. As a result of the extensive and substantial promotion, advertising, and sales of its services under the Mark, and the maintenance of the highest quality standards relating thereto, the Mark has become exceedingly well known to the public as a distinctive indication of origin of services.

12. NVC is a vision services company that provides its services under the name "Nationwide Vision Center."

13. The nature of NVC's services is identical or nearly identical to Nationwide's services. These services are marketed and provided to the same class of consumers.

14. NVC's use of "Nationwide Vision Center" has caused and is likely to continue to cause consumer confusion as to the source of the parties' services.

15. NVC did not seek and does not have permission to use the Mark. Nationwide has requested that NVC cease its use of the Mark in order to avoid continued consumer confusion. In response, NVC did not agree to cease its use of the Mark.

**COUNT I (TRADEMARK INFRINGEMENT)**

16. Nationwide realleges and incorporates by reference the allegations in paragraphs 1 through 15 herein as if fully set forth.

17. NVC's use of the Mark in connection with providing vision and eye care services has caused and is likely to continue to cause confusion among consumers who believe, contrary to fact, that its services are provided by or emanate from, or are otherwise sponsored by or

affiliated with, Nationwide.

18. NVC's use of the Mark infringes on Nationwide's exclusive rights to its Mark within the meaning of §32(1) of the Federal Trademark Act, 15 U.S.C. §1114(1), and at common law.

19. Unless enjoined by this Court, NVC will continue to infringe Nationwide's Mark, thereby confusing the public and causing Nationwide immediate and irreparable injury for which it has no adequate remedy at law and monetary damages.

## COUNT II (UNFAIR COMPETITION)

20. Nationwide alleges and incorporates by reference the allegations set forth in paragraphs 1 through 19 herein as if fully set forth.

21. NVC's use of the Mark in connection with providing its services constitutes unfair competition under §43(a) of the Federal Trademark Act, 15 U.S.C. §1125(a).

22. Unless enjoined by this Court, NVC will continue to compete unfairly with Nationwide, thereby creating consumer confusion and causing Nationwide irreparable injury for which it has no adequate remedy at law and monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Nationwide respectfully prays that:

(1) The Court enter judgment that:

(a) NVC has infringed Nationwide's exclusive rights in its NATIONWIDE VISION CENTER registered service mark under §32(1) of the Federal Trademark Act, 15 U.S.C. §1114(1), and at common law;

(b) NVC has competed unfairly with Nationwide under §43(a) of the Federal Trademark Act, 15 U.S.C. §1125(a), and at common law;

-5-

(2)  The Court enter a permanent injunction against NVC's use of NATIONWIDE VISION CENTER, or any confusingly similar term or combination of terms in connection with providing eye care, vision, or related services;

(3)  The Court award damages against NVC in an amount to be proven at trial.

(4)  For such other and further relief as this Court deems just and proper.


Dated:  September 27, 2018                                Respectfully submitted,

                                                          _____/s/_____

                                                          Valerie Pennacchio
                                                          Sherry H. Flax, Of Counsel
                                                          *Attorneys for Plaintiff Nationwide Vision Center, Inc.*